```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                    **CRIMINAL NO. 3:00-cr-130-WHB**

**LIONEL M. ARNOLD**

### OPINION AND ORDER

This cause is before the Court on two motions filed by Defendant.[1] The first is a Motion to Reconsider 18 U.S.C. § 3582(c)(2) Under Constitutional Laws, Section 83 and 73 Under the Ex Post Facto Clause ("Motion to Reconsider"). Through this Motion, Defendant requests that the Court reconsider the Opinion and Order it entered on March 19, 2007, which denied his Motion Pursuant to 18 U.S.C. § 3582(c)(2). The second is a Motion for Transcripts at Government Expense. The Court has considered the Motions, its prior Opinion and Order, and supporting and opposing authorities and finds that neither motion is well taken and that both should be denied.

The record shows that on March 19, 2007, this Court entered an Opinion and Order by which Defendant's Motion Pursuant to 18 U.S.C. § 3582(c)(2) was denied. In the subject Opinion and Order, the Court found that while 18 U.S.C. § 3582(c)(2) allowed a court to reduce a criminal defendant's sentence in cases in which "the term

---

[1] As Defendant is preceding *pro se*, the allegations in his motions have been liberally construed. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

of imprisonment was based on a guideline range that [was later] lowered" by the Sentencing Commission, the applicable guideline cited by Defendant had been lowered approximately three months before he was sentenced. See Opinion and Order [Docket No. 35], at 2 (citing United States v. Mimms, 43 F. 3d 217, 219 (5th Cir. 1995)). The Court went on to find that because "Defendant's Motion [was] based on a sentencing range that was reduced before, not after, the date on which he was sentenced" he was not entitled to relief under 18 U.S.C. § 3582(c)(2).

In his Motion to Reconsider, Defendant again agues that the sentence he received should be corrected under 18 U.S.C. § 3582(c)(2) because it is based on the wrong guideline. Specifically, Defendant argues that his sentence should have been based on the amended guidelines that were in effect at the time he was sentenced. The Court finds that Defendant is not entitled to the relief he requests under Section 3582(c)(2). As discussed in its prior Opinion and Order, 18 U.S.C. § 3582(c)(2) **only** allows a court to modify a term of imprisonment in cases in which the Sentencing Commission reduces the applicable sentencing range **after** the defendant is sentenced. Again, in this case, the sentencing guideline cited by Defendant was reduced **before** he was sentenced, not after. As such, the Court does not have authority under 18 U.S.C. § 3582(c)(2) to modify Defendant's sentence. Accordingly,

the Court finds that Defendant's Motion to Reconsider must be denied.

Defendant also submitted a correspondence, which the Clerk of Court construed as a Motion for Transcripts at Government Expense. The Court finds that as there is neither an appeal nor petition for habeas corpus relief currently pending, Defendant's motion should be denied.  See Walker v. United States, 424 F.2d 278-79 (5th Cir. 1970).

For the foregoing reasons:

IT IS THEREFORE ORDERED that Defendant's Motion to Reconsider 18 U.S.C. § 3582(c)(2) Under Constitutional Laws, Section 83 and 73 Under the Ex Post Facto Clause [Docket No. 36] is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion for Transcripts at Government Expense [Docket No. 39] is hereby denied.

SO ORDERED this the 10th day of July, 2007.


s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE