```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

**VS.**                                    **CRIMINAL NO. 3:00-cr-130-WHB**

**LIONEL M. ARNOLD**


<u>**ORDER OF TRANSFER PURSUANT TO 28 U.S.C. § 1631**</u>

This cause is before the Court on the Motion of Defendant Lionel M. Arnold ("Arnold") to Review Sentence. As Arnold is preceding *pro se*, the allegations in his Motion have been liberally construed. <u>United States v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994).

On November 6, 2000, Arnold pleaded guilty to one count of motor vehicle theft/car jacking in violation of 18 U.S.C. § 2119, one count of brandishing a firearm in a crime of violence in violation of 18 U.S.C. § 924, and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On January 26, 2001, Arnold was sentenced to a fifty-seven month term of imprisonment for the violations of Sections 2119 and 922, and a seven year term of imprisonment for the violation of Section 924, to be followed by three years of supervised release. Arnold was also ordered to pay restitution in the amount of $2,006.00 and a special assessment of $100.00.

On October 20, 2004, Arnold filed a Motion to Vacate, Set Aside, or Correct Judgment Pursuant to 28 U.S.C. § 2255. This

Motion was denied by the Court on November 10, 2004. On May 30, 2006, Arnold filed a Motion for Modification of Sentence. In this Motion, Arnold argued that the Court misapplied the Sentencing Guidelines, specifically Amendment 599, by including a four-point enhancement when calculating his sentence as to the violation of 18 U.S.C. § 924. This Motion was construed as a motion pursuant to 28 U.S.C. § 2255, and was denied on June 21, 2006, because Arnold had not obtained the required certification for filing a successive 2255 Motion from the United States Court of Appeals for the Fifth Circuit.

On March 2, 2007, Arnold filed a Motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). In this Motion, Arnold again argued that the Court misapplied the Sentencing Guidelines by including a four-point enhancement when calculating his sentence because the sentencing range for a violation of 18 U.S.C. § 924 was reduced by Amendment 599 to the Sentencing Guidelines, and the Amendment had been given retroactive effect. Arnold's Motion was denied on March 19, 2007, upon a finding that 18 U.S.C. § 3582(c)(2) only allows a court to modify a term of imprisonment in cases in which the Sentencing Commission reduces the applicable sentencing range after the defendant is sentenced. In this case, because the sentencing guideline cited by Arnold had been reduced before he was sentenced, not after, the Court found it did not have authority under 18 U.S.C. § 3582(c)(2) to modify his

sentence.  On June 28, 2007, Arnold filed a "Motion to Reconsider 18 U.S.C. § 3582(c)(2) Under Constitutional Laws, Section 83 and 73 Under the Ex Post Facto Clause" requesting that the Court reconsider the Opinion and Order it entered on March 19, 2007, which denied his Motion Pursuant to 18 U.S.C. § 3582(c)(2).  The Motion to Reconsider was denied by the Court on July 10, 2007.  On July 24, 2007, Arnold appealed the decision of this Court to the United States Court of Appeals for the Fifth Circuit where it is currently pending.

Arnold has now filed a Motion to Review Sentence in which he again argues that the Court misapplied the Sentencing Guidelines when calculating his sentence.  The Court finds that Arnold's current Motion to Review Sentence is nothing more than a successive attempt to seek post-conviction relief pursuant to 28 U.S.C. § 2255.  See e.g. United States v. Rich, 141 F.3d 550, 553 (5th Cir. 1998) (finding that a district court should not allow pleading practices to "circumvent [the] restraints on successive habeas petitions.").  In order to file a second 28 U.S.C. § 2255 motion, the "motion must be certified" by a United States Court of Appeals.  See 28 U.S.C. § 2255.  Therefore, "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id.  Arnold has failed to submit any documentation demonstrating that he has

obtained the required authorization from the appellate court to proceed with his second Motion under Section 2255 in this Court. Accordingly, the Court finds that this Motion should be transferred to the United States Court of Appeals for the Fifth Circuit for a determination on whether this successive Motion under Section 2255 should be allowed.  See <u>In Re Epps</u>, 127 F.3d 364 (5th Cir. 1997).

For the foregoing reason:

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1631, the Motion to Review Sentence [Docket No. 50], which the Court construes as a successive motion pursuant to 28 U.S.C. § 2255, is hereby transferred to the United States Court of Appeals for the Fifth Circuit.

IT IS FURTHER ORDERED that the Clerk of this Court is directed to close this case pending the decision of the United States Court of Appeals for the Fifth Circuit.

SO ORDERED this the 5th day of December, 2007.

<u>s/ William H. Barbour, Jr.</u>
UNITED STATES DISTRICT JUDGE